UNITED STATES BAKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON LITTLE                              Case No.:    8:09-bk-09374-CED
JENNIFER C LITTLE,

    Debtor(s).
_____/

AMENDED CHAPTER 13 PLAN

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan as modified by the Bankruptcy Court, may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim. Payments distributed by the Trustee, as herein provided or as modified by the Court, as subject to the availability of funds.

All secured creditors, including mortgage creditors, must be paid through the plan as part of the plan payment to the Chapter 13 Trustee. The only exception will be; if a Debtor is current with a secured creditor, the Debtor may file a separate motion asking the Court to allow them to make direct payments to that creditor. If the Debtor is allowed to make direct payments, the stay will lift as to that property and creditor, and that property will no longer have any bankruptcy court protection.

PLAN PAYMENTS AND LENGTH OF PLAN: The projected disposable income of the Debtor(s) is submitted to the supervision and control of the Trustee. The Debtor(s) shall pay the Trustee by money order or cashier's check following the filing of this chapter 13 plan the sum of **$536.00 for 60 months.** Each pre-confirmation plan payment shall include, other than regular ongoing mortgage payments, all adequate protection payments made pursuant to §1326(a)(1)(C).

CLAIMS GENERALLY: The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation, according to the limitations set forth in the Court's Order Establishing Duties.

ADMINISTRATIVE CLAIMS: Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.
**The attorney fees to be paid under the plan shall be paid in the amount of $500.00 per month until paid in full.**

TRUSTEE FEES: Trustee shall receive a fee for each disbursement, the percentage of which is fixed periodically by the United States Trustee.

ATTORNEYS FEES FOR DEBTOR'S COUNSEL PAID IN PLAN:
Total Amount of Attorney's Fees:    $3,500.00    Amount Paid Through Plan:    $1,500.00

PRIORITY CLAIMS:
(A) Domestic Support Obligations: Debtor(s) is required to pay all post-petition domestic support obligations directly to the holder of the claim. Unless otherwise specified in this Plan, the following priority claims under 11 U.S.C. §1322(a)(1), domestic support obligations, will be paid in full pursuant to 11 U.S.C. §1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.
Name of Creditor                Total Est. Claim                Estimated Payment
N/A

Pursuant to §507(a)(1)(B) and §1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and/or not assigned to said entity for the purpose of collection.

**Claimant:**  **Proposed Treatment:**
**N/A**

**(B)  Other Priority Claims (e.g., tax claims):** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| IRS | Unknown | |

**SECURED CLAIMS:**
**Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor(s) shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor(s) makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection. **If Debtor(s) elects to make such adequate protection payments directly to the creditor, and such creditor is not otherwise paid through the Plan, upon confirmation said claims shall be neither dealt with nor affected by the Plan as confirmed.**

| Name of Creditor | Total Est. Claim | Ad. Protection Payment in Plan |
|---|---|---|
| Chrysler Financial | $23,330.07 | Contractual Payments to be Paid Direct upon Court Authorization |
| GMAC | $41,469.10 | Contractual Payments to be Paid Direct upon Court Authorization |
| National City Mortgage | $659,221.00 | Contractual Payments to be Paid Direct upon Court Authorization |
| Nation Star Mortgage | $58,858.00 | Contractual Payments to be Paid Direct upon Court Authorization |

(A)  **Claims Secured by Real Property Which Debtor(s) Intends to Retain Mortgage Payments Paid Through the Plan:** Debtor(s) will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor | Security | Total Est. Claim | Est. Payment |
|---|---|---|---|
| NONE | | | |

(B)  **Claims Secured by Real Property Which Debtor(s) Intends to Retain / Arrearages Paid Through the Plan:** Subject to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor | Security | Total Est. Claim | Est. Payment |
|---|---|---|---|
| NONE | | | |

(C)  **Claims Secured by Property other then Real Property which Debtor(s) Intend(s) to Retain and pay through the Plan:** Debtor(s) will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition payments to the Trustee as part of the plan. These regular monthly payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition payments on the following claims:

| Name of Creditor | Security | Total Est. Claim | Est. Monthly Payment |
|---|---|---|---|
| NONE | | | |

(D) **Claims to Which §506 Valuation is NOT Applicable:** Debts secured by a purchase, money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Upon confirmation of the Plan, the interest rate and value shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Upon timely written objection filed by creditor, the Debtor(s) may elect to surrender the property to creditor in full satisfaction of the value of the collateral indicated in the creditor's claim.

| Name of Creditor | Security | Est. Amount | Int. Rate | Total to be Paid |
|---|---|---|---|---|
| **NONE** | | | | |

(E) **Claims to Which §506 Valuation is Applicable:**

| Name of Creditor | Security | Ad. Prot Pmt. In Plan | Value | Int. Rate | Total to be Paid |
|---|---|---|---|---|---|
| **NONE** | | | | | |

(F) **Secured Claims on Personal Property – Balance Including any Arrearage Paid in Plan:**

| Name of Creditor | Security | Est. Amount | Int. Rate | Total to be Paid |
|---|---|---|---|---|
| **NONE** | | | | |

(G) **Secured Claims Paid Direct by the Debtor(s):** Debtor(s) as of the date of filing their bankruptcy case are current with, and will pay the following secured creditors direct outside of their Plan.

| Name of Creditor | Security | Est. Amount | Total to be Paid |
|---|---|---|---|
| Chrysler Financial | 2007 Town N Country | $23,330.07 | Contractual Payments to be Paid Direct upon Court Authorization |
| GMAC | 2008 GMC Sierra | $41,469.10 | Contractual Payments to be Paid Direct upon Court Authorization |
| National City Mortgage | 1st Mortgage Homestead | $659,221.00 | Contractual Payments to be Paid Direct upon Court Authorization |
| Nation Star Mortgage | Mortgage on 1530 Huntington Ave Property | $58,858.00 | Contractual Payments to be Paid Direct upon Court Authorization |

(H) **Surrender of Collateral:** Debtor(s) will surrender the following collateral in full satisfaction of the claim no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| Name of Creditor | Collateral to be Surrendered |
|---|---|
| Countrywide | Real Property located 2326 Maple Hill Drive, Lakeland, FL 33811 |
| EMC Mortgage Corporation | Real Property located 7402 Lone Star Place, Riverview, FL |
| Jamie Rand | Real Property located 7502 Anna Avenue, Gibsonton, FL 33534 and Real Property located 0 Knowles Road, Brandon, FL 33511 |
| John Cervi and Roger Jenkins | Real Property located 10822 Cedar Street, Riverview, FL and 10825 Magnolia Street, Riverview, FL |
| Washington Mutual Bank | Real Property located 7512 Anna Avenue, Gibsonton, FL 33534 |

**SECURED – LIENS TO BE AVOIDED:**

| Name of Creditor | Security | Estimated Amount |
|---|---|---|
| Washington Mutual | 2nd Mortgage on Homestead | $299,787.40 |

**LEASES / EXECUTORY CONTRACTS:**

| Name of Creditor | Security | Assume / Reject | Est. Arrears |
|---|---|---|---|
| NONE | | | |

**OTHER CREDITORS PAID IN FULL IN PLAN:**

| Name of Creditor | Description | Estimated Amount |
|---|---|---|
| NONE | | |

**UNSECURED CREDITORS:** Unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is **$28,540.00**

**OTHER PROVISIONS:**

1. Secured creditors shall retain their liens until their claims are paid in full.

2. Because the Court requires all Court secured creditors to receive post-petition payments through the Debtor's Chapter 13 Plan, the Debtor(s) shall not be liable for any amounts assessed post-petition as "late fees" or "late charges" by secured creditors for any reason, and any assessments made by secured creditors of this nature shall not be allowed.

3. Upon payments and distribution of the final payment called for under this plan, any and all mortgages, which have been provided for under this plan, are reinstated in their entirety.

4. All property of the estate shall remain property of the estate until the entry of the Confirmation Order.

5. Upon the final payment of any secured claim provided for in this plan, the lienholder shall tender to the Debtor(s) any and all documents evidencing title and/or ownership of collateral securing said claim, and shall indicate on any such documents full satisfaction of the lien and/or claim.

6. If the Internal Revenue Service is allowed a secured claim on the Debtor(s)' property and the same is provided for in the plan the final payment to the secured portion of the Internal Revenue Service's claim shall immediately release any and all liens it has outstanding or recorded against the Debtor(s).

7. All property surrendered herein shall be in full satisfaction of the claim.

8. Plan confirmation avoids all purchase money security instruments not otherwise provided for in this Plan.

Dated: 10/12/09        Debtor: _____
                               Brandon Little

Dated: 10/12/09        Debtor: _____
                               Jennifer C. Little

## EXHIBIT A
## Amended Plan Summary

| | | | | | $ in Plan |
|---|---|---|---|---|---|
| Attorney Fees | Total | 3500 | Pay @ $500.00 per mo. | In Plan | 1500.00 |
| Unsecured Creditors | Listed | 431571 | | Dist. In Plan | 28540.33 |

Priority Creditors
- IRS    Unknown                                                                0.00
- DSO                                                                            0.00
- Other                                                                          0.00
                                                                                 0.00

### Secured Creditors

| Creditor | | | | Collateral | Treatment |
|---|---|---|---|---|---|
| **Chrysler Financial** | | | | 2007 Town N Country | DIRECT |
| Amt | | Rate | 0.00% | 0 | |
| A.P. | 0.00 | Term | 60 | | 0.00 |
| **GMAC** | | | | 2008 GMC Sierra | DIRECT |
| Amt | | Rate | 0.00% | 0 | |
| A.P. | 0.00 | Term | 60 | | 0.00 |
| **National City Mortgage** | | | | 1357 Scottsland Dr 1st Mortgage | DIRECT |
| Amt | 0 | Rate | 0.00% | 0 | |
| A.P. | 0.00 | Term | 60 | | 0.00 |
| **Washington Mutual** | | | | 1357 Scottsland Dr. 2nd Mortgage | VOID LIEN |
| Amt | 0 | Rate | 0.00% | 0 | |
| A.P. | 0.00 | Term | 60 | | 0.00 |
| **Nation Star Mortgage** | | | | 1530 Huntington Ave - Mortgage Rental | DIRECT |
| Amt | 0 | Rate | 0.00% | 0 | |
| A.P. | 0.00 | Term | 60 | | 0.00 |
| **Countrywide** | | | | 2326 Maple Hill Drive, Lakeland, FL 33811 | SURRENDER |
| Amt | 0 | Rate | 0.00% | 0 | |
| A.P. | 0.00 | Term | 60 | | 0.00 |
| **EMC Mortgage Corp.** | | | | 7402 Lone Star Place, Riverview, FL | SURRENDER |
| Amt | 0 | Rate | 0.00% | 0 | |
| A.P. | 0.00 | Term | 60 | | 0.00 |
| **Jamie Rand** | | | | 7502 Anna Avenue, Gibsonton, FL 33534 and 0 Knowles Road, Brandon, FL 33511 | SURRENDER |
| Amt | 0 | Rate | 0.00% | 0 | |
| A.P. | 0.00 | Term | 60 | | 0.00 |

| Secured Creditors | | | | | | |
|---|---|---|---|---|---|---|
| Creditor | | | | Collateral | Treatment | |
| **John Cervi and Roger Jenkins** | | | | 10822 Cedar Street, Riverview FL and 10825 Magnolia Street, Riverview, FL | **SURRENDER** | |
| Amt | 0 | Rate | 0.00% | 0 | | |
| A.P. | 0.00 | Term | 60 | | | 0.00 |
| **Washington Mutual Bank** | | | | 7512 Anna Avenue, Gibsonton, FL 33534 | **SURRENDER** | |
| Amt | 0 | Rate | 0.00% | 0 | | |
| A.P. | 0.00 | Term | 60 | | | 0.00 |

|  | |
|---|---|
|  | 30040.33 |
| Trustee fee | 6.50% |
| Total Pay In | 32128.70 |
| Payment per month | 536.00 |

Plan Length: 60 Months

*Order of Distribution/or as specified above:*
1. Adequate protection over life of plan or until creditor is paid in full.
2. Allowed Attorney's Fees
3. Secured/Valued Balance plus interest over the life of the plan or as otherwise specified, pro rata.
4. Domestic Support Obligations under $500.00, pro rata.
5. Small Secured creditors-Under $500.00 in balance, pro rata.
6. Arrearages and Domestic Support Obligations, pro rata.
7. Other Priority Creditors, pro rata.
8. Pro-Rata Distribution to Unsecured Creditors.